```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA
```

DOROTHY HARRINGTON, ET AL                CIVIL ACTION

VERSUS                                   NO. 06-1440

LEXINGTON INSURANCE CO., ET AL           SECTION "R"(5)

### ORDER

Before the Court is plaintiffs' motion to remand.  For the following reasons, the Court GRANTS the motion.

### I.   BACKGROUND

Plaintiffs Dorothy Harrington and Manuel Fernandez sued Lexington Insurance Co. and Gallodoro Insurance Agency in state court and defendants removed.  Lexington is a foreign insurer with neither citizenship nor a principal place of business in Louisiana.  Gallodoro is a corporation with its domicile and principal place of business in Louisiana.  As such, the parties are not completely diverse, a requirement for a federal court to have jurisdiction under 28 U.S.C. § 1332.  *See McLaughlin v.*

*Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). Plaintiffs now move to remand this matter to state court. Defendants assert that federal jurisdiction is proper under diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Gallodoro was improperly joined.  Plaintiffs do not dispute defendants' assertion that the amount in controversy exceeds $75,000, so that it satisfies the requirements of section 1332. *See* 28 U.S.C. § 1332.

**II.   LEGAL STANDARDS**

   **A.   Applying Louisiana Law**

Because jurisdiction is based on diversity, Louisiana law applies to the substantive issues before the Court.  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  In Louisiana, the sources of law are legislation and custom.  *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 546 (5th Cir. 2004). These authoritative or primary sources of law are to be "contrasted with persuasive or secondary sources of law, such as [Louisiana and other civil law] jurisprudence, doctrine, conventional usages, and equity, that may guide the court in reaching a decision in the absence of legislation and custom." *Id*. (*quoting* La. Civ. Code art. 1*).*  In Louisiana, "courts must begin every legal analysis by examining primary sources of law:

the State's Constitution, codes, and statutes." *Id.* (*quoting Prytania Park Hotel, Ltd. v. General Star Indem. Co.,* 179 F.3d 169, 174 (5th Cir. 1999)). To make an 'Erie guess' on an issue of Louisiana law, the Court must "employ the appropriate Louisiana methodology" to decide the issue the way that it believes the Supreme Court of Louisiana would decide it. *Id.* (*quoting Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 197 (5th Cir. 2003)).

**B.   Removal**

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 WL 419901, at *2 (E.D. La. 1995). Though the Court must remand the case to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's

jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

### C.  Improper Joinder

When a nondiverse party is properly joined as a defendant, a defendant may not remove under section 1332. However, a defendant may remove by showing that the nondiverse party was improperly joined. *Smallwood v. Il. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003). Because the doctrine is a narrow exception to the rule of complete diversity, the burden of demonstrating improper joinder is a heavy one. *Id*. Improper joinder may be established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the nondiverse defendant.[1] *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003). In *Ross*, the Fifth Circuit clarified the standard for finding improper joinder when a defendant alleges that plaintiff is unable to state a claim against the nondiverse defendant. *Id*. at 462-63. The Court must determine whether

---

[1] The Fifth Circuit now officially refers to "fraudulent joinder" as "improper joinder." *See Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th Cir. 2005). However, the term "fraudulent joinder" is still used in many Fifth Circuit cases, causing no shortage of confusion.

there is arguably a reasonable basis for predicting that state law might impose liability on the nondiverse defendant. *Id. (citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). This means that there must be a reasonable possibility of recovery, not merely a theoretical one. *Id.* The standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.* The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6), because the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his or her claim. *Id*. (*citing Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003); *see also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). In conducting this inquiry, the Court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649. In addition, the Court must resolve all ambiguities of state law in favor of the nonremoving party. *Id*.

### III. DISCUSSION

Plaintiffs allege that they purchased homeowner's policy No.

LE786084801 from Gallodoro on May 3, 2005.  They allege that "Defendants" negligently failed to alert them to the presence of a "concurrent causation clause" and an exclusion for water damage in the policy.  Plaintiffs further assert that the existence of these provisions "was concealed from [plaintiffs] by the Defendants acting negligently, deliberately and/or in concert to effectively market their homeowner's insurance in order to gain premium income."  Though plaintiffs' petition only asks for relief against Lexington, it clearly alleges negligent and/or deliberate misrepresentation of the policy's terms by Gallodoro.

Louisiana recognizes actions for negligent misrepresentation leading to pecuniary loss when (1) the defendant owed a duty to supply correct information, (2) the defendant breached that duty, and (3) the plaintiff suffered damages resulting from justifiable reliance on the misrepresentation.  *Abbott v. Equity Grp., Inc.*, 2 F.3d 613, 624 n.38 (5th Cir. 1993); *Chiarella v. Sprint Spectrum, LLP*, 921 So. 2d 106, 123 (La. Ct. App. 2005); *see also Devore v. Hobart Mfg. Co.*, 367 So. 2d 836, 839 (La. 1979). Insurance agents have a duty to supply their customers with correct information, and they may be liable for negligent misrepresentation when they provide incorrect information and an insured is thereby damaged.  *See, e.g., Venture Assocs. Inc. of La. v. Trans. Underwriters of La.*, 634 So. 2d 4, 6-7 (La. Ct.

App. 1994).  Plaintiffs assert that Gallodoro negligently omitted to supply information or supplied incorrect information to them when they purchased their policy, causing damages when they were insufficiently insured for their losses from Hurricane Katrina. Plaintiffs also allege that they were not provided with a copy of the policy until January 2006.

Defendants have submitted an uncontroverted affidavit stating that Lexington provided a copy of the policy to Gallodoro, but they do not point to any evidence indicating that plaintiffs ever received a copy of the policy.  Nor have defendants submitted any evidence about the terms of plaintiffs' policy or any exclusions therein.  Instead, defendants simply assert that plaintiffs cannot establish a cause of action against Gallodoro for improper adjusting or breach of the duties of good faith and fair dealing.  While this may be true, plaintiffs do not allege that Gallodoro committed these torts, and Louisiana law supports a cause of action against insurance agents for both negligent and intentional misrepresentation.

Finally, defendants assert that the claims are not sufficiently related to satisfy Rule 20.  Defendants are incorrect.  Rule 20(a) of the Federal Rules of Civil Procedure allows for the joinder of defendants "if there is asserted against them jointly, severally, or in the alternative, any right

to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a).  First, plaintiffs allege that defendants acted in concert to misrepresent or conceal policy terms.  Second, common questions of fact stemming from the same series of transactions and occurrences will arise in resolving the claims against the defendants, as these claims relate to the procurement of a particular policy, the terms of that policy, the extent of its coverage, and the facts surrounding the destruction of plaintiffs' property. Accordingly, defendant has not shown that joinder is improper.

**IV.  CONCLUSION**

For the foregoing reasons, the Court finds that defendants have failed to carry their burden of demonstrating that joinder of the nondiverse defendant was improper.  The Court thus does not have jurisdiction on the basis of the diversity of the parties.  *See* 28 U.S.C. § 1332.  Plaintiffs' motion to remand is GRANTED.

New Orleans, Louisiana, this <u>1st</u> day of August, 2006.

*Sarah Vance*
────────────────────────────
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE